OPINION OF THE COURT
Ronald J. McGaw, J.
Defendant is charged with harassment in the first degree in violation of Penal Law § 240.25. Defendant has moved, inter alia, for dismissal of the accusatory instrument as facially insufficient. The court will address that argument first.
The accusatory instrument appears to be signed in Chinese by the complaining witness, Hua-guo Li, and the allegations purport to be based on direct knowledge. Stated on the face of the accusatory instrument, however, are the following words: “This complaint was translated to your deponent via telephone by your deponent’s daughter.”
*816 Can the allegations set forth in this translated accusatory instrument be deemed nonhearsay? In the opinion of the court, they cannot. The words on the face of the accusatory instrument are clearly not the deponent’s words, the deponent apparently being unable to sufficiently write or speak in the English language. Rather, the words that appear are those of a translator (the deponent’s daughter) who apparently spoke to the deponent over the telephone and then purportedly conveyed a translation of the deponent’s words to the person who actually prepared the accusatory instrument for the deponent’s signature. As such, the words set forth on the face of the accusatory instrument amount to statements made “out of court” being “offered for the truth of the fact asserted.” (People v Romero, 78 NY2d 355, 361 [1991] [internal quotation marks omitted], citing Richardson, Evidence § 200, at 176 [Prince 10th ed].)
In People v Romero, an undercover police officer (Tillery) testified at trial as to what a paid police informant (Davila), acting as an interpreter, represented to him was the English version of statements of the defendant and of a third party in Spanish. The defendant’s conviction was overturned on the grounds that Tillery’s testimony amounted to inadmissible hearsay and should not have been allowed. Similarly, the accusatory instrument in the instant case purports to set forth the English version of the deponent’s words as translated by the deponent’s daughter, an unofficial, uncertified interpreter. As such, the statements set forth in the accusatory instrument amount to inadmissible hearsay wholly insufficient to support an information. (CPL 100.40 [1] [p].)
What is more, there is absolutely no indicia of the trustworthiness of the translation as set forth. A review of the affidavit of Hong Zhong Huang, offered in support of the motion to dismiss, suggests that there is high degree of animosity between the translator (the deponent’s daughter) and the defendant. For example, paragraph 11 of the Huang affidavit states as follows: “One day in early May, 2001, for reasons unknown to me, [the deponent’s daughter] without provocation started to scream and curse at my son [the defendant] and me.”
It cannot necessarily be said, therefore, that the translator (the deponent’s daughter) has “no motive to lie or mislead.” Nor can it necessarily be said that there is “no reason to believe the translation is inaccurate.” (People v Romero, supra at 362.) On the contrary, it would appear that the translator of the deponent’s allegations was anything but unbiased.
*817 Even if the translator in the instant case were completely free of any bias either for or against the defendant, there nevertheless is nothing to suggest that the translation is accurate. The translation was not, for example, made by a certified or official translator. Rather, it appears that the court is being asked to blindly accept that the words of the deponent’s daughter are in fact the accurate and actual allegations of the deponent. For these reasons, the allegations set forth in the accusatory instrument must be deemed to be hearsay.